# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Nathaniel Gold, #1571910, ) | |
| ) | Civil Action No.: 5:18-cv-00242-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ) | |
| Kenneth Hasty; Theodore N. Lupton; ) | |
| Mitchell E. Farley; Calhoun County ) | |
| Sheriff's Office; Orangeburg County ) | |
| Detention Center; South Carolina Dept. of ) | |
| Corr., and Orangeburg County Sheriff's ) | |
| Office, ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of Magistrate Judge Shiva V. Hodges' ("Magistrate Judge") Report and Recommendation ("Report") filed on February 5, 2018 (ECF No. 7). The Report addresses Plaintiff Nathaniel Gold's Complaint brought pursuant to 42 U.S.C. § 1983 and recommends that the court dismiss the action without prejudice and without issuance and service of process. (ECF No. 7 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*Id.* at 1-5.) As brief background, Plaintiff, proceeding pro se and in forma pauperis, filed his Complaint on January 30, 2018. (ECF No. 1.) Pursuant to 42 U.S.C. § 1983, Plaintiff alleged that his Fourth, Sixth, Eighth, and Fourteenth Amendment rights were violated by Defendants because he was intimidated to plead guilty, arrested on a non-active bench

warrant, illegally detained, assaulted, and his attorney violated his attorney-client privilege. (*Id.* at 5-13.) On February 5, 2018, the Magistrate Judge issued a Report and recommended the dismissal of Plaintiff's Complaint. (ECF No. 7 at 8.) The Report found that Kenneth Hasty, the Calhoun County Clerk of Court, is protected by quasi-judicial immunity; Theodore N. Lupton, Assistant Solicitor for the First Judicial Circuit of South Carolina, is protected by prosecutorial immunity; any actions taken by Mitchell E. Farley, Plaintiff's criminal defense attorney, were not under color of state law;[1] the Calhoun County Sheriff's Office (CCSO), the South Carolina Department of Corrections (SCDC), and the Orangeburg County Sheriff's Office (OCSO) are all state agencies and entitled to sovereign immunity; and the Orangeburg County Detention Center (OCDC) is an improper defendant because OCDC is not a person amenable to suit under 42 U.S.C § 1983. (*Id.* at 5-8.) On that same day, Plaintiff was advised of the opportunity to file a specific, written objection to the Report. (*Id.* at 9.) Plaintiff filed an Objection to the Report on March 12, 2018.[2] (ECF No. 14.) Defendants did not reply to the Report or Objection.

## II. STANDARD OF REVIEW

---

[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The Report was served on Plaintiff when the clerk's office placed it in the mail on February 5, 2018. (*See* ECF No. 8); Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing . . . ."). Thus, Petitioner's objections to the Report were due on or before February 20, 2018. *See* Fed. R. Civ. P. 6(a) (providing applicable rules for computing time period); Fed. R. Civ. P. 6(d) (providing three additional days to period "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)" by mail). After the court granted Plaintiff an extension on February 27, 2018, (ECF No. 12), his objections were due on or before March 12, 2018. *See* Fed. R. Civ. P. 6(a) (providing applicable rules for computing time period); Fed. R. Civ. P. 6(d) (providing three additional days to period "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)" by mail). Because Plaintiff is a prisoner, he is afforded the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's Objection was timely filed, as it was received by the Clerk of Court for the United States District Court of South Carolina on March 12, 2018.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the fact of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

Plaintiff does not specifically object to the Magistrate Judge's findings that Kenneth Hasty, Assistant Solicitor Lupton, and CCSO, SCDC, and OCSO are all immune from suit under the doctrines of quasi-judicial immunity, prosecutorial immunity, and sovereign immunity, respectively. (ECF No. 7 at 5-7.) Neither does Plaintiff specifically object to the Magistrate Judge's finding that OCDC is an improper defendant because OCDC "is a facility used primarily to house detainees awaiting trial in state court . . . . not a person amenable to suit under § 1983." (ECF No. 7 at 8.) Plaintiff's Objection merely restates his original claims. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, since no specific objections were filed, by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 7) and incorporates it herein. Therefore, the court **DISMISSES** Plaintiff's Complaint without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 5, 2018
Columbia, South Carolina