IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Gold, #133617, | C/A No.: 5:18-242-JMC-SVH |
| Plaintiff, | |
| vs. | |
| The State of South Carolina; Calhoun County; Orangeburg County; Charleston County; Aiken County; Nicholas McCarley; Vernetia Dozier, Director; Charles Govan, Cpt.; Cpt. McClutchen; Lt. Fisk; Lt. Rodan; Lt. Murdock; Sgt. Hayward; Deputy M. Popenhagen, Calhoun County Sheriff Office Deputy; Kenneth Hasty; Lt. Butler; Lt. Riddell; Lt. Hettich; Lt. Butts; Sgt. Erikson; B. Belcher, ACDC Deputy; Cpl. Doolittle; Dep. Harron; Lt. Clamp; Dep. Merrick; Nick Gallam; and Lt. Bowman, | ORDER |
| Defendants. | |

Nathaniel Gold ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). This matter comes before the court on the following motions filed by Plaintiff: (1) Motions to Amend [ECF Nos. 46, 50];

(2) Motion for Disclosure of Discovery [ECF No. 53]; and (3) Motion for Disclosure of Expert Testimony [ECF No. 54].

I.  Motions to amend

Plaintiff's motions seek to amend his original and first amended complaint. For the reasons provided in the undersigned's February 5 and October 18, 2018 Report and Recommendations [ECF Nos. 7, 36], Plaintiff's proposed claims against defendants Kenneth Hasty, Theodore N. Lupton, Mitchell E. Farley, and the State of South Carolina are futile.

Additionally, Plaintiff's claim against Judge Maite Murphy is futile, as it concerns Plaintiff's arrest on an allegedly unlawful bench warrant. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").

Further, as these are Plaintiff's fourth and fifth motions to amend his complaint, such amendments are prejudicial to defendants. Plaintiff's failure to provide the reasons or the bases for his proposed amendments is improper.

Although pro se pleadings are liberally construed, the court and the opposing parties are not required to try to decipher the differences in multiple proposed amended pleadings. For all of these reasons, Plaintiff's motions to amend [ECF Nos. 46, 50] are denied.

II.     Motions for disclosure of discovery and experts

Plaintiff's motions for the disclosure of discovery [ECF No. 53] and of experts [ECF No. 54] appear to be discovery requests. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, interrogatories and requests for production need not be filed with the court. Plaintiff's motions are, therefore, denied. It appears Defendants have separately been served with the discovery requests. To the extent they have not already responded, Defendants are directed to respond within the time limits prescribed by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

February 11, 2019　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　United States Magistrate Judge