## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | | |
|---|---|---|
| Nathaniel Gold, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The State of South Carolina, Calhoun | ) | |
| County, Orangeburg County, Charleston | ) | |
| County, Aiken County, Nicholas McCarley, | ) | |
| Director Vernetia Dozier, Captain Charles | ) | |
| Govan, Captain McCutchen, Lieutenant | ) | |
| Fisk, Lieutenant Rhodan, Lieutenant | ) | |
| Murdock, Sergeant Haywood, Calhoun | ) | |
| County Sheriff Office Deputy M. | ) | |
| Popenhagen, Kenneth Hasty, Lieutenant | ) | |
| Butler, Lieutenant Riddell, Lieutenant | ) | Civil Action No.: 5:18-cv- 00242-JMC |
| Hettich, Lieutenant Butts, Sergeant | ) | |
| Erickson, ACDC Deputy | ) | **ORDER AND OPINION** |
| B. Belcher, Corporal Doolittle, Deputy | ) | |
| Herron, Lieutenant Clamp, Deputy Merrick, | ) | |
| Nick Gallam, and Lieutenant Bowman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter before the court is review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 6, 2019. (ECF No. 88.) The Report addresses Plaintiff Nathaniel Gold's suit under 42 U.S.C. §1983 and recommends that the court grant Defendants'[1] Motions for Summary Judgment (ECF Nos. 75, 79, 80). Further, the court also

---

[1] Plaintiff names as defendants the following officers with the OCDC: Director Vernetia Dozier ("Dozier"), Captain Charles Govan, Captain Leola McCutchen ("McCutchen"), Captain Carolyn Murdock ("Murdock") (identified as Lieutenant Murdock by Plaintiff), Lieutenant Kim Fisk ("Fisk"), Lieutenant Marvin Rhodan ("Rhodan"), and Sergeant Timothy Haywood ("Haywood"), (collectively "the OCDC Defendants"). Plaintiff names as defendants the following ACDC officers and ACDC discipline review board members: Lieutenant Butler, Lieutenant Riddell,

reviews Magistrate Judge's Report (ECF No. 36), recommending that the court dismiss Plaintiff's Amended Complaint as to the State of South Carolina, Calhoun County, Orangeburg County, Charleston County, Aiken County, McCarley, Hasty, Nick Gallam, and Bowman (collectively, the "Government Defendants"). For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 88), and **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 75, 79, 80). The court further **ACCEPTS** the Report (ECF No. 36) and **DISMISSES** Plaintiff's Complaint as to the Government Defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 88.) As brief background, on January 30, 2018, Plaintiff, proceeding *pro se* and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights as a pretrial detainee at Orangeburg County Detention Center ("the OCDC"), Charleston County Detention Center ("the CCDC"), and Aiken County Detention Center ("the ACDC"). Plaintiff additionally names as Defendants Marc Popenhagen ("Popenhagen") and Richard Herron ("Herron"), both deputies of the Calhoun County Sheriff's Office. Specifically, Plaintiff claims that "the Orangeburg County Detention Center officials", transported him to the Charleston County Detention Center to be "unlawfully detained." (ECF No. 1.) He also alleges that Defendants, inter alia, (1) forced him to shower with shackles on, resulting in a slip and fall injury, (2) refused to return his property, and (3) failed to provide adequate medical attention. In terms of relief, Plaintiff seeks monetary damages and requests "named officials in this complaint to be terminated" and "past court cases . . . be

---

Lieutenant Hettich, Lieutenant Butts, Sergeant Erickson ("Erickson"), Deputy Belcher, Corporal Doolittle, Lieutenant Clamp, and Deputy Merrick ("Merrick") (collectively "the ACDC Defendants").

reopened [and] reheard." (ECF No. 24 at 27, 28.)

On March 3, 2019, the OCDC Defendants filed their Motion for Summary Judgment (ECF No. 75). On March 5, 2019, the ACDC Defendants and Defendants Harron and Popenhagen filed their respective Motions for Summary Judgment. (ECF Nos. 79, 80.) On March 19, 2019, Plaintiff filed a timely response to all Defendants' Motions for Summary Judgment (ECF No. 85.) On December 6, 2019, the Magistrate Judge issued a Report. (ECF No. 88.) The Report reasoned that "no reasonable jury could find that [D]efendants were deliberately indifferent to [Plaintiff's] medical needs." (*Id.* at 10.) Moreover, the Report found that there was not a genuine issue of material fact as to "whether [Defendants'] conduct violated Plaintiff's constitutional rights." (ECF No. 88 at 19, 25, 34.) The Magistrate Judge also determined that Defendants are "entitled to qualified immunity." (ECF No. 88 at 19.) For these reasons, the Report ultimately recommended that the court grant Defendants' Motions for Summary Judgment (ECF No. 88 ).

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on December 6, 2019. (ECF No. 88.) Objections to the Report were due by December 20, 2019. (ECF No. 88.) However, objections were due by December 23, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Neither party filed an objection to the Report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 88.) Because Plaintiff's Objection is untimely and there are no other objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

Regarding the remaining Defendants, on February 5, 2019, the Magistrate Judge issued a Report. (ECF No. 36.) Plaintiff filed objections on November 1, 2018 (ECF No. 40.) After review of the Report and the filed objections, the court determines that the claims should be dismissed. In the Report the Magistrate Judge determined that several claims should be dismissed because of a procedural bar or lack of sufficient facts. The Magistrate Judge determined that the Eleventh

Amendment bars Plaintiff's suit against the state of South Carolina. The Eleventh Amendment prevents suits against non-consenting states in court. *See Aldean v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).

Plaintiff's suit against the counties of Calhoun, Orangeburg, Charleston and Aiken failed to identify any government policy or custom that allegedly violated his constitutional rights. Moreover, Plaintiff failed to allege sufficient facts to show McCarley, a criminal defense attorney acted under the color of state law, which is a prerequisite to a § 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 317-24 n. 8-9, 12-14 (1981). Finally, the Magistrate Judge determined that Defendant Hasty, as court support personnel, has quasi-judicial immunity. Finally, Plaintiff fails to provide factual allegations in the complaint relating to the alleged conduct of Defendants Bowman and Gallam. For the reasons stated above, the court **DISMISSES** the action as to the Government Defendants.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 88) and incorporates it herein. Therefore, the court **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 75,79, 80). Further, the court **ACCEPTS** the Report (ECF No. 36) and **DISMISSES** Plaintiff's Complaint as to the State of South Carolina, Calhoun County, Orangeburg County, Charleston County, Aiken County, McCarley, Hasty, Nick Gallam, and Bowman.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

February 4, 2020
Columbia, South Carolina